Case 2:24-cv-02098-HZ    Document 46    Filed 09/18/25    Page 1 of 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHEN EDWARD COX,

        Petitioner,

    v.

JAMIE MILLER,

        Respondent.

Case No. 2:24-cv-02098-HZ

OPINION AND ORDER

Stephen Edward Cox
4419579
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914-8335

    Petitioner, *Pro Se*

Dan Rayfield, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Lake County Judgment dated September 12, 2013. Because Petitioner failed to file this case within the applicable statute of limitations, the Amended Petition for Writ of Habeas Corpus (#32) is dismissed.

## BACKGROUND

On March 1, 2007, the Lake County Grand Jury indicted Petitioner on four counts of Sodomy in the First Degree, five counts of Sexual Abuse in the First Degree, five counts of Rape in the First Degree, and two counts of Unlawful Sexual Penetration in the First Degree. Respondent's Exhibit 102. The charges arose out of allegations that Petitioner sexually molested his wife's grandchildren over an extended period of time. With the exception of a single charge of Rape in the First Degree, a jury convicted Petitioner on all counts, and the trial judge sentenced him to 525 months in prison. Trial Transcript (#24-1), p. 2053.

During Petitioner's ensuing direct appeal, the Oregon Court of Appeals invalidated all of his convictions because the trial court had erroneously admitted a physician's diagnosis of sexual abuse in the absence of any physical evidence to support the diagnosis. *State v. Cox,* 248 Or. App. 325, 273 P.3d 299 (2012); *see also State v. Southard,* 347 Or. 127, 142, 218 P.3d 104 (2009) (a medical diagnosis of sexual abuse in the absence of corresponding physical evidence "does not tell the jury anything that it could not have determined on its own"). Neither party sought further review from the Oregon Supreme Court, and the case was remanded to the Lake County Circuit Court for a new trial.

At the conclusion of Petitioner's new trial in August 2013, a jury convicted him of three counts of Sodomy in the First Degree, five counts of Sexual Abuse in the First Degree, four counts

of Rape in the Second Degree, and one count of Sodomy in the Second Degree. The trial court once again imposed concurrent and consecutive sentences totaling 525 months in prison. Trial Transcript (#24-1), p. 2610. The Oregon Court of Appeals affirmed the trial court's decision without issuing a written opinion and, on December 10, 2015, the Oregon Supreme Court denied review. *State v. Cox,* 273 Or. App. 590, 361 P.3d 671, *rev. denied,* 358 Or. 449, 366 P.3d 719 (2015).

On January 10, 2017, Petitioner filed for post-conviction relief ("PCR") in Malheur County where the PCR court denied relief on all of his claims. Respondent's Exhibits 115 & 144. The Oregon Court of Appeals affirmed that decision without opinion and, on January 12, 2024, the Oregon Supreme Court denied review. *Cox v. Miller,* 328 Or. App. 190, 535 P.3d 815 (2023), *rev. denied,* 371 Or. 825, 511 P.3d 887 (2024).

Approximately eleven months later, Petitioner signed his Petition for Writ of Habeas Corpus on December 11, 2024, thereby "filing" it with the Court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (pleadings are deemed filed by a *pro se* prisoner when he delivers them to prison authorities for mailing to a federal court). Respondent asks the Court to dismiss the Amended Petition because Petitioner did not initiate this case within the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases.

## **DISCUSSION**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. It provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3 – OPINION AND ORDER

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The period of direct review referenced in 28 U.S.C. 2244(d)(1)(A) also includes the 90-day period within which a petitioner can file a petition for writ of *certiorari* with the United States Supreme Court, whether or not he actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). If a litigant files a PCR action following the conclusion of his direct review, so long as the PCR case is "properly filed," the time during which it and subsequent PCR appeals remain pending "shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). State court direct or collateral review concludes as of the last date for seeking any further review in state court, not the date the appellate judgment issues. *Melville v. Shinn*, 68 F.4th 1154, 1160-61 (9th Cir. 2023).

In this case, the Oregon Supreme Court denied review on December 10, 2015, thereby concluding Petitioner's second direct appeal in Oregon's state courts. However, the AEDPA's statute of limitations did not begin to run until March 9, 2016, the day after Petitioner's time to file for *certiorari* in the U.S. Supreme Court ended. The one-year statute of limitations ran unabated

4 – OPINION AND ORDER

until Petitioner filed his PCR Petition on January 10, 2017.[1] *See* Respondent's Exhibit 115. Thus, by the time Petitioner properly filed for collateral relief at the state level, 307 of his 365 allowable days under the AEDPA had already elapsed.

The pending PCR action tolled the AEDPA statute of limitations not only through January 12, 2024 when the Oregon Supreme Court denied review, but until the time for seeking reconsideration of that decision passed 14 days later. *See* ORAP 9.25(1) (petitions for reconsideration of Oregon Supreme Court decisions may be filed within 14 days after the entry of the order to be challenged). As a result, the statutory tolling to which Petitioner was entitled by virtue of his pending PCR action ended on January 26, 2024. At that point he had 58 days (until March 24, 2024) in which to file this case. As discussed above, he did not sign his Petition for Writ of Habeas Corpus (#2) until December 11, 2024, missing the one-year statute of limitations by 262 days.

Petitioner asserts that circumstances outside of his control prevented him from filing his original Petition for Writ of Habeas Corpus in a timely manner. Equitable tolling is available to toll the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The "'extraordinary circumstances beyond a prisoner's control [must] make it impossible to file a petition on time.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003)). A petitioner who fails to file a timely petition due

---

[1] Because the State of Oregon does not follow the "prison mailbox rule," the filing date of the PCR Petition is the actual date of filing, not the date Petitioner signed the pleading. *See Baldeagle v. Lampert,* 185 Or. App. 326, 330-32, 59 P.3d 545 (2002).

to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001). The habeas corpus applicant bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner first asks the Court to excuse his untimely filing because, although he completed his Petition "[o]n or about December 15, 2024," the law library coordinator at his prison "kept it in her possession until 1-21-25." Amended Response (#28), pp. 1-2. Assuming the law library coordinator retained the original Petition for more than two months prior to mailing it,[2] the Court has already concluded that Petitioner filed the Petition on December 11, 2024 when he signed the pleading. Consequently, any delay in forwarding the Petition to the Court does not impact the statute of limitations calculation. Even if the Court had not applied the prison mailbox rule, and if it were to equitably toll the statute of limitations between December 11, 2024 and January 21, 2025, this 42-day period of equitable tolling would not render the case timely.

Petitioner also claims that he was misled by his PCR attorney into thinking he had until January 26, 2025 in which to file for federal habeas corpus relief. In the context of attorney error, a lawyer's mistakes which cause a litigant to miss a filing deadline generally do not support equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). Only where the attorney's errors are particularly egregious, or where counsel has abandoned a client altogether, will equitable tolling be warranted. *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (egregious attorney error); *Mackey v. Hoffman*, 682 F.3d 1247, 1253 (9th Cir. 2012) (attorney abandonment).

In an attempt to establish that his PCR attorney misled him concerning the AEDPA statute of limitations, Petitioner provides a copy a letter dated April 1, 2024 wherein counsel discussed

---

[2] The Court received the Petition on December 19, 2024 thus, while the law library coordinator may have retained a copy of the pleading, that person did not retain the only copy and forwarded the Petition to the Court in a timely manner.

6 – OPINION AND ORDER

the possibility of filing for federal habeas relief. In that letter, counsel notified Petitioner that his representation had terminated due to the conclusion of the PCR appeals, advised him that federal habeas corpus may be available, and included a copy of the PCR Appellate Judgment dated March 29, 2024. Petitioner's Exhibit One (#37), p. 2. The letter did not state that the AEDPA statute of limitations began to run on January 26, 2024. Instead, it advised Petitioner that he must seek habeas relief "within **twelve months** following entry of the judgment of conviction," that the statute of limitations was tolled during the pendency of his direct appeal and the pendency of the PCR proceedings, and that the "clock **restarted January 26, 2024**" when the time for seeking reconsideration of the Oregon Supreme Court's denial of PCR review passed. *Id.* (bold in original). In other words, PCR counsel correctly advised Petitioner that the AEDPA's one-year statute of limitations: (1) ran between the conclusion of his direct appeals and the filing of his PCR action; and (2) resumed running on January 26, 2024 when Petitioner had exhausted the PCR remedies available to him.

Nothing in counsel's letter was misleading, incorrectly stated the law, or advised Petitioner that the time between the conclusion of his direct appeal and the initiation of his PCR proceedings did not count toward the AEDPA's one-year limitation period. In addition, even though PCR counsel sent the letter to Petitioner immediately after the PCR Appellate Judgment took effect on March 29, 2024, Petitioner had already missed his March 24, 2024 deadline for filing this case. Accordingly, to the extent Petitioner seeks equitable tolling of the statute of limitations based upon what he believes to be misrepresentations by counsel, not only were there no misrepresentations in the letter but, even if there were, Petitioner could not have been prejudiced by the contents of a letter he did not receive until after he had already missed his opportunity to pursue federal habeas corpus relief.

7 – OPINION AND ORDER

Finally, Petitioner also claims to be actually innocent of his crimes of conviction. He asks the Court to assess the cumulative effect of the legal errors he sets out in his Third Amended Memorandum in Support (#33) and declare him to be innocent. Although he does not offer this argument to excuse his untimely filing, a habeas petitioner who establishes his actual innocence can overcome an untimely filing. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In order to excuse a procedural default in this manner, a petitioner must present "new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial" which, when weighed against the evidence adduced at his criminal trial, establishes that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Petitioner offers no new evidence of his innocence, let alone new evidence so strong that no reasonable juror would have voted to convict him. For all of these reasons, he is unable to excuse his failure to timely file this case.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#32) is dismissed, with prejudice. Because this case is untimely, Petitioner's pending Motion to Vacate Judgment (#38) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

9/18/25
DATE

Marco A. Hernandez
United States District Judge